**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PRENTISS A. BRUMFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:13-CV-00142** |
| **ANNETTE BOOKTER, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES AND AS DIRECTOR OF HUMAN RESOURCES FOR THE CITY OF BATON ROUGE, WILLIAM B. DANIEL, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF PUBLIC WORKS OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, PERSONNEL BOARD OF THE CITY OF BATON ROUGE AND THE PARISH OF EAST BATON ROUGE, AND THE METROPOLITAN COUNCIL OF THE CITY OF BATON ROUGE AND THE PARISH OF EAST BATON ROUGE** | |

**ORDER**

This matter is before the court on Plaintiff, Prentiss A. Brumfield's, Motion for Summary Judgment. (Doc. 26.) Defendants have filed an opposition. (Doc. 30.) Oral argument was held on Monday, November 10, 2014.

It is undisputed that as a permanent classified Civil Service employee, Plaintiff had a property interest in continued employment absent cause. (Doc. 1, p. 4.) Plaintiff alleges the City deprived him of his right to continued employment without due process of law by refusing his repeated requests for a post-termination hearing before the City/Parish Personnel Board. (Doc. 1, p. 4.)

Defendants claim that there is no reliable evidence to show that Plaintiff's appeal for a post-termination hearing was timely filed. (Doc. 30-1.) Defendants claim that their denial of Plaintiff's post-termination hearing was due to his request for a post-termination hearing being misplaced and

that this mistake was in no way intentional. (Doc. 30-1 and Oral Argument, November 10, 2014.) Defendants argue that their conduct does not rise to the level of a policy, procedure or practice. (Oral argument, November 10, 2014.)

Plaintiff counters by arguing that even if the initial failure to grant Plaintiff's request for a post-termination proceeding was the result of mistake or inadvertence, Defendants' continued failure to grant Plaintiff's request for a post-termination hearing after they became aware of their mistake or inadvertence constitutes an intentional decision to deprive him of a constitutionally protected right. (Oral Argument, November 10, 2014.)

After reading the briefs and hearing the arguments of counsel, the Court finds that the Plaintiff has established the following points as a matter of law:

1. Plaintiff has a property interest in his employment sufficient to entitle him to due process protection,

2. Plaintiff timely filed for appeal on March 30, 2012, and

3. Plaintiff was not given a date for a post-termination hearing until recently.

These facts are not genuinely in dispute and have been established in this case. Fed. R. Civ. Proc. 56(g).

However, there are questions of fact regarding whether the failure to provide the hearing was inadvertent and a mere mistake or intentional and, if intentional, whether the decision to deny the hearing was made by a person or persons with sufficient authority to render the decision one of policy, custom or practice. The Court finds that there is a material issue of fact as to whether Defendants' "conduct is directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Therefore, Plaintiff's Partial Motion for Summary Judgment must be denied at this time.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

Signed in Baton Rouge, Louisiana, on <u>November 12, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**